## PASQUALE JULIANO, ADMR.
### (Estate of Mary Juliano)
*vs.*
## BRIDGET LATELLA

Superior Court      New Haven County      File No. 64158

MEMORANDUM FILED MAY 29, 1944.

*A. Frederick Mignone,* of New Haven, for the Plaintiff.

*Trotta, Fasano & Trotta,* of New Haven, for the Defendant.

COMLEY, J. To determine the disputed facts in this case is no easy task. The medical testimony is not seriously disputed, and the veterinary authorities on both sides are in substantial accord. But the parties and the other witnesses have joined some very spirited issues of veracity.

However, I am convinced, by a fair preponderance of the testimony, that the plaintiff purchased from the defendant a dressed pig weighing 160 pounds for the agreed price of $48.

The plaintiff claims that there was an implied warranty of fitness accompanying this sale; that the warranty was broken; and that reasonable notice of the breach was given. No notice was in fact given except by the bringing of this action. No reason for this delay appears. The plaintiff seems to claim that the burden rests on the defendant to show that she was

prejudiced by the delay. The proof shows that fresh pork, intended to be cooked in the home is not, either by Federal or State regulation, subjected to any treatment or inspection to ascertain the possible presence of trichinæ, since no practical treatment to destroy the parasites and no system of inspection to discover their presence has yet been devised. Public policy, however, to the extent of an implied warranty, puts the hazard on the vendor rather on the vendee. And public policy likewise demands that the vendee shall act with reasonable promptness to notify the vendor of a claimed breach of the warranty.

Were it necessary to a just disposition of the case to decide this question I would be much inclined to hold that it was not reasonable to withhold notice for so long a time. But since I am of the opinion that there was no breach of the implied warranty there is not basis for a decision on this question.

It is the claim of the plaintiff that the pork, when delivered to him, was infested with the trichinæ parasites.

It is probably true that the deceased ate some pork which was infested; that she suffered a severe attack of trichinosis; and that this disease was at least a secondary cause of her death.

But the plaintiff, and his relations, have testified that the whole quantity of meat from the pig in question was cut into small portions no more than one-half inch in thickness, and not more than one-half pound in weight; and that each of these pieces was subjected to two hours of preliminary cooking, at a sufficient heat to try out all the fat, and to two hours of roasting at an intense heat (at least 350° F.).

The plaintiff's expert witness, and the treatises on the subject by which his testimony was illustrated, establish as a fact that no parasites of the trichinæ order could by any reasonable probability survive the steady application of such a temperature for so long a time.

It is true that this story is questioned by the defendant. And it may be true that the plaintiff, in order to bring himself within the terms of the warranty, thought it would be well to leave in the mind of the court not even a reasonable doubt that the pork had been "thoroughly" cooked before it was eaten.

But the plaintiff is in no position to complain if his testimony is taken at its face value.

The only evidence in the case purporting to show that the pig sold by the defendant was infested, is the analysis of a sample furnished by the plaintiff. I am satisfied that this sample could not have been taken from the pork purchased by him and cooked as described by all the witnesses. I am forced to conclude that the pork chops eaten by the deceased were taken from some other source of supply.

The claim for damages for death resulting from the alleged violation of the statute fails for the same reason.

Judgment may enter for the defendant.